**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | CHAPTER 7 |
| IN RE: | ) | |
| WALLACE PACKAGING CORP., | ) | CASE NO. 8-04-86203-619 |
| Debtor | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF DECISION ON TRUSTEE'S MOTION TO DISALLOW
AND EXPUNGE IN ITS ENTIRETY, THE AMENDED PROOF OF CLAIM
FILED BY OR ON BEHALF OF THE NATIONAL LABOR RELATIONS
BOARD (NO. 37)**

This matter came before the Court on the Trustee's Motion to Disallow and

Expunge in its entirety, the Amended Proof of Claim filed by or on behalf of the National

Labor Relations Board ("NLRB") (No. 37).

**FACTS**

An involuntary Chapter 7 bankruptcy was filed against Wallace Packaging Corp.

on September 29, 2004.  The Debtor closed its Bayshore facility on September 29, 2004

and the Order for Relief was entered on November 17, 2004.  On April 19, 2007, the

NLRB filed an Amended Proof of Claim (No. 37), contending that it is entitled to a

priority wage claim in the sum of $36,960.00, in accordance with 11 U.S.C. § 507(a)(3).[1]

---

[1] This issue is not governed by the 2005 Act, as the Chapter 7 bankruptcy was filed Sept.
29, 2004. The statute provides in pertinent part:
  (a) The following expenses and claims have priority in the following order:
   (3) Third, allowed unsecured claims, but only to the extent of $4,925 for each
   individual or corporation, as the case may be, earned within 90 days before the

The Amended Proof of Claim alleges liability of the Debtor to the NLRB for unfair labor practices resulting from the facility's closing and seeks two weeks back pay on behalf of the forty-four identified unit employees employed at the time the Debtor ceased operations at its Bayshore facility.

**POSITION OF THE PARTIES**

The Trustee moves the Court to enter an order disallowing and expunging the Amended Proof of Claim of the NLRB, arguing that the Debtor's termination of its employees did not constitute an unfair labor practice since its actions were based on sound business reasons due to economic necessity.

The NLRB opposes the motion, arguing that this Court lacks subject matter jurisdiction to rule on this motion because the NLRB has exclusive jurisdiction over the adjudication of alleged unfair labor practices under the National Labor Relations Act ("NLRA").

The Trustee filed a reply in further support of its motion on June 7, 2007, disagreeing with the NLRB's argument that this Court lacks subject matter jurisdiction. The Trustee argues that the NLRB's ability to prosecute claims is inapplicable to a Chapter 7 debtor-corporation's estate and its trustee. Because the collective bargaining agreement was terminated by a Chapter 7 proceeding, the Trustee argues that there was no duty to bargain that existed independent of the NLRA. The Trustee focuses on the fact that this was an involuntary Chapter 7 filing and uses that as a reason for this Court to have jurisdiction over the NLRB. The Trustee contends that the filing of an

---

date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for –
    (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual.

involuntary proceeding permits this Court to deny priority status to the Proof of Claim

even if the NLRB prevails on its back pay remedy, and suggests that this Court "invoke

its discretion and not accord the NLRB's claim any priority status, regardless of whether

the NLRB invokes the back pay remedy under the collective bargaining agreement."

**DISCUSSION**

In its Amended Proof of Claim, the NLRB claims that the Debtor violated 29

U.S.C. §§ 158(a)(1) and (5).  The determination of this violation is exclusively under the

jurisdiction of the NLRB.[2]

In *In Re Sher-Del Foods, Inc.*, 186 B.R. 358, 360 (Bankr. W.D.N.Y. 1995), there

was a similar proof of claim filed by the NLRB, to which the trustee objected after the

NLRB's decision affirming such an award.[3]  It is the jurisdiction of the bankruptcy court

to decide whether to grant a priority allowance to the claim if it is affirmed by the NLRB.

---

[2] "In cases involving unfair labor practices as defined by the National Labor Relations
Act, 29 U.S.C. § 158, Congress has entrusted the National Labor Relations Board with
the responsibility for determining the appropriate remedy to cure the violation." *In Re
Mountain View Coach Line, Inc.*, 99 B.R. 555, 559 (Bankr. S.D.N.Y., 1989).

[3] The *Sher-Del* decision states:

> The National Labor Relations Board filed a proof of claim in the case of
> Sher-Del Foods, Inc., on August 18, 1993. In anticipation of a favorable
> ruling from the administrative judge, the claim requested a priority
> allowance under 11 U.S.C. § 507(a)(3) for the payment of any award
> resulting from the debtor's failure to bargain over the effects of closure.
> After the National Labor Relations Board issued its decision affirming
> such an award, the Chapter 7 trustee filed an objection in this Court to the
> Board's proof of claim . . . the trustee contended that the back pay award
> constituted only constructive wages, not wages entitled to priority status as
> earned within 90 days of the filing of the bankruptcy petition. *Sher-Del
> Foods,* 186 B.R. at 360.

The NLRB's decision as to whether the NLRB is entitled to back pay by Wallace

Packaging does not bind this Court to granting priority. [4]

The court in *Nathanson v. National Labor Relations Board,* 344 U.S. 25, 30

(1952) stated, "… where the matter in controversy has been entrusted by Congress to an

administrative agency, the bankruptcy court normally should stay its hand pending an

administrative decision."  This Court will not disallow or expunge the Amended Proof of

Claim, but is allowing it to go to the NLRB to be decided and will "stay its hand"

pending that decision.

**CONCLUSION**

For the foregoing reasons, the Trustee's Motion to Disallow and Expunge in its

entirety, the Amended Proof of Claim filed by or on behalf of the National Labor

Relations Board (No. 37) is DENIED.  If the NLRB obtains an award against the Debtor

in connection with this matter, this Court will determine what priority is to be afforded

the claim.

A separate order will issue.


Dated: June 28, 2007

                                            */s/ Joel B. Rosenthal*
                                            Joel B. Rosenthal
                                            United States Bankruptcy Judge

---

[4] "To the National Labor Relations Board is entrusted the exclusive authority to determine the amount of any award as remediation of an unfair labor practice. To the Bankruptcy Court is entrusted jurisdiction to determine the priority of distribution on account of any such award . . . While this Court must defer to the NLRB's determination of liability, the Board's decision cannot bind the trustee to allowance of a particular priority, either expressly or by implication drawn from the language or analysis of the administrative law judge." *Sher-Del Foods, Inc.*,186 B.R. at 360-61.